# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr., | Civil Action No. 8:17-cv-02232-TLW |
| Plaintiff, | |
| v. | **ORDER** |
| Larry Robert Byrd, a.k.a. Robbie Byrd, and Greenwood County, | |
| Defendants. | |

Plaintiff Earnest E. Vaughn, Sr., proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on August 22, 2017. ECF No. 1. On November 29, 2017, Defendant Greenwood County ("County") filed a "Motion to Dismiss." ECF No. 27. On December 21, 2017, Plaintiff filed a response in opposition, which included his affidavit and other documents. ECF No. 35. The County filed a reply on December 28, 2017, and Plaintiff filed a sur-reply on January 5, 2018. ECF Nos. 37, 39.

On January 26, 2018, Defendant Larry Robert Byrd ("Byrd") filed a "Motion to Dismiss for Failure to State a Claim." ECF No. 47. On February 23, 2018, Plaintiff filed a response in opposition, again including his affidavit and other additional materials. ECF No. 64. Byrd filed a reply on February 27, 2018. ECF No. 67. Plaintiff filed additional documents, including another affidavit, to supplement his response in opposition on March 15, 2018. ECF No. 70.

This matter now comes before the Court for review of the two Report and Recommendations ("Reports") filed by United States Magistrate Judge Kevin F. McDonald, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). ECF Nos. 40, 71. When "matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion must be treated as one for

1

summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Plaintiff was specifically advised that submission of materials outside the pleadings could convert the motions to dismiss into motions for summary judgment if the materials were considered by the court. ECF Nos. 28, 48. Because the Magistrate Judge reviewed and relied upon documents filed outside the pleadings, it treated the pending motions to dismiss as motions for summary judgment. ECF Nos. 40 at 4, 71 at 3.

In the Reports, the Magistrate Judge recommends that both motions be granted. *Id*. Plaintiff filed objections to the Reports on January 24, 2018, and April 30, 2018, and the County and Byrd replied. ECF Nos. 43, 55, 73, 75. These matters are now ripe for disposition.

In reviewing the Reports, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified finding or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusion of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court closely reviewed *de novo* the Reports, Plaintiff's objections to the Reports, the other related filings, the relevant law, and the record in this case. The Magistrate Judge concluded, and the Court agrees, that the County's "Motion to Dismiss" should be granted because Plaintiff does not include any allegations that "Byrd's actions were the result of a municipal policy or custom or that the County officials were aware of a pattern of constitutional violations by Byrd and did nothing in acquiescence." ECF No. 40 at 5. The

Magistrate Judge also concluded, and the Court agrees, that Byrd's "Motion to Dismiss for Failure to State a Claim" should be granted because the grand jury returned indictments against Plaintiff, which establishes probable cause for his arrest. ECF No. 71 at 4; *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012). Further, as the Magistrate Judge addresses in the Reports, Plaintiff did not show that Byrd either deliberately or "with a 'reckless disregard for the truth' made material false statements" to the grand jury. *Id*. at 5; *See Miller v. Prince George's Cty., Maryland*, 475 F.3d 621, 627 (4th Cir. 2007). Thus, Plaintiff cannot overcome the establishment of probable cause by the grand jury's return of the indictments. *Id*.

The Court notes that Plaintiff's objections do not change the conclusions reached by the Magistrate Judge in the Reports. Accordingly, it is hereby **ORDERED** that Plaintiff's objections, ECF Nos. 43, 73, are **OVERRULED**, and the Reports, ECF Nos. 40, 71, are **ACCEPTED**. For the reasons articulated by the Magistrate Judge, the motions, ECF Nos. 27, 47, are **GRANTED.**

**IT IS SO ORDERED**.

s/Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

June 5, 2018  
Columbia, South Carolina